# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| MARIANA LEMIEUX, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO:  3:22-cv-151-RGJ |
| LOUISVILLE METRO GOV'T, | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL
### I. NATURE OF THE CASE

1. Plaintiff, Mariana Lemieux ("Plaintiff" or "Lemieux"), by and through counsel, brings this action against Defendant, Louisville Metro Government, ("Defendant" or "Metro"), alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.* and the Kentucky Civil Rights Act ("KCRA").

### II. PARTIES

2. Plaintiff is a resident of Jefferson County in the State of Kentucky who at all times relevant to this litigation resided within the geographical boundaries of the Western District of Kentucky.

3. Defendant maintains offices and routinely conducts business within the geographical boundaries of the Western District of Kentucky.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 42 U.S.C. § 12117(a); 28 U.S.C. §1331; and, 28 U.S.C. §1367.

5. Jurisdiction is conferred over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because her state law claim arises from the same common nucleus of operative facts as her federal law claim and all of her claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5) and KRS344.030(2).

7. Plaintiff was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and KRS344.030(5).

8. Plaintiff is a "qualified individual" with a disability as defined by the ADA, 42 U.S.C. § 12102(2), 42 U.S.C. § 12111(8), and KRS 344.010; and/or Defendant knew of Plaintiff's disability and/or disregarded Plaintiff as being disabled; and/or Plaintiff has a record of being disabled.

9. Plaintiff has exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on disability. Plaintiff received her Notice of Suit Rights and timely files this action within ninety (90) days of receipt.

10. A substantial part of the events, transactions, and occurrences concerning this lawsuit arose in the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

### IV.   FACTUAL ALLEGATIONS

11. On or around December 17, 2001, Defendant hired Plaintiff. For the majority of her employment with Defendant, Plaintiff worked as a Senior Social Worker.

12. In or around July 2017, Plaintiff was diagnosed with attention deficit hyperactivity disorder ("ADHD") inattentive type. Following her diagnosis, Plaintiff applied for reasonable accommodations with Defendant. Plaintiff was not granted any reasonable accommodations.

13. After receiving no accommodations, in or around February 2018, Plaintiff was demoted to an Information & Referral Technician. Plaintiff's demotion was pretext for discrimination based on Defendant's failure to accommodate her disability.

14. On or around January 27, 2020, Plaintiff was returned to her former position as a Senior Social Worker.

15. In or around June 2020, Plaintiff emailed DeAndrea Baltimore in Human Resources to submit a subsequent request for reasonable accommodations.

16. On or around July 20, 2020, Plaintiff faxed a more specific request for reasonable accommodations to the Compliance Coordinator, Stephen Puckett, in the ADA Compliance, Human Resources department. Following several phone and email communications with Mr. Puckett, on or around August 13, 2020, Plaintiff requested the following accommodations: (i) support from her supervisor that entailed reviewing Plaintiff's case notes and helping her to write case notes more clearly, concisely, and efficiently; (ii) permission to use a visual timer or a time-keeping application on her cell phone while conducting business with clients; (iii) a thirty-minute modification to her work schedule that would allow her to work from 9:30 to 6:30 instead of from 9:00 to 6:00; and, (iv) feedback from her supervisor that identified ways she could improve and perform her work more efficiently.

17. On July 28, 2020, approximately eight days after Plaintiff faxed her initial request for reasonable accommodations to Mr. Puckett, she was called into a supervision meeting with her supervisor and program manager. Plaintiff reiterated that she required reasonable accommodations

to successfully perform the duties and responsibilities of her position. While she did not receive a response regarding the accommodations, Plaintiff was informed that she was being placed on the disciplinary track.

18.     As a result of having been placed on the disciplinary track, Plaintiff was required to attend a counseling meeting on or around August 3, 2020. On August 28, 2020, in response to Plaintiff's application submitted on August 13, 2020, Ms. Baltimore sent Plaintiff a letter stating that the Office of Resilience and Community Services had determined that, due to undue hardship, the department would not be able to provide Plaintiff the accommodations that she and her medical provider had requested. Several days later, on or around September 4, 2020, Plaintiff received a written warning followed by a reprimand on September 21, 2020. On October 2, 2020, Plaintiff was suspended before her employment was ultimately terminated on January 27, 2021.

19.     Defendant alleges that Plaintiff's employment was terminated because she failed to complete her case files. However, other members of Plaintiff's team who also failed to complete their case files and meet the 80% minimum monthly client contact rate set forth by Defendant were not disciplined.

## V.     CAUSES OF ACTION
### COUNT I: ADA - DISABILITY DISCRIMINATION

20.     Plaintiff hereby incorporates paragraphs one (1) through nineteen (19) of her Complaint.

21.     Plaintiff is a qualified individual with a disability that Defendant both knew and/or should have known about.

22.     Plaintiff suffered one or more adverse employment actions. Specifically, Defendant failed to accommodate Plaintiff's disability and subjected her to disparate treatment, resulting in

her termination due to an actual or perceived disability. As such, Plaintiff was wrongfully terminated because Defendant failed to accommodate her disability.

23. Other similarly situated, non-protected employees were not subjected to the same treatment.

24. Defendant's actions are in violation of the ADA, 42 U.S.C. § 12101 *et seq*.

25. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

## COUNT II: KCRA – DISABILITY DISCRIMINATION

26. Plaintiff hereby incorporates paragraphs one (1) through twenty-five (25) of her Complaint.

27. Defendant failed to provide reasonable accommodations for Plaintiff's disability, resulting in her wrongful demotion.

28. Defendant discriminated against Plaintiff due to her actual or perceived disability. Specifically, Defendant failed to accommodate Plaintiff's disability and subjected her to disparate treatment, resulting in a demotion and later in her termination from employment.

29. Other similarly situated, non-protected employees were not subjected to the same treatment.

30. Defendant's actions are in violation of the KCRA, KRS 344.040.

31. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

**WHEREFORE**, Plaintiff, Mariana Lemieux, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1) Reinstate Plaintiff to the position, salary, and seniority level she would have had but for Defendant's unlawful actions; and/or award front pay to Plaintiff in lieu thereof;

2) All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3) Compensation for any and all other damages suffered because of Defendant's unlawful actions;

4) Compensatory damages for Defendant's violations of the ADA and KCRA;

5) Punitive damages for Defendant's violations of the ADA;

6) All costs and attorney's fees incurred as a result of bringing this action;

7) Pre- and Post-Judgment interest on all sums recoverable; and,

8) All other legal and/or equitable relief this Court sees fit to grant.

                Respectfully submitted,

                */s/ Andrew Dutkanych*
                Andrew Dutkanych
                BIESECKER DUTKANYCH & MACER, LLC
                144 North Delaware Street
                Indianapolis, Indiana 46204
                Telephone:   (317) 991-4765
                Facsimile:    (812) 424-1005
                Email: ad@bdlegal.com

                *Attorney for Plaintiff, Mariana Lemieux*

## DEMAND FOR JURY TRIAL

Plaintiff, Mariana Lemieux, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

*/s/ Andrew Dutkanych*
Andrew Dutkanych
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

*Attorney for Plaintiff, Mariana Lemieux*